### UNION DISTILLING Co. v. UNION PHARMACEUTICAL Co.

(*Superior Court of New York City, General Term.* January 8, 1889.)

1. **ATTACHMENT—DISSOLUTION.**
   Code Civil Proc. N. Y. § 709, providing that "where a warrant of attachment is vacated or annulled, or an attachment is discharged, upon the application of the defendant," the sheriff must "deliver over to the defendant, or to the person entitled thereto," upon demand and payment of his fees, the attached property, etc., is not confined to an application by the defendant.

2. **SAME—PAYMENT OF SHERIFF'S FEES ON DISSOLUTION.**
   Where an attachment was vacated for insufficiency of the affidavit, on application of judgment creditors who had caused their executions to be levied by the same sheriff on the goods subject to the attachment, it was error to insert, as a condition of vacating the attachment, that the applicants pay the sheriff's fees in the attachment.

3. **SAME—CONSTITUTIONAL LAW.**
   Section 709 is not unconstitutional, on the ground that it exacts that before a person's property shall be delivered to him he must pay fees for which he has no personal liability.

Appeal from special term.

Action by the Union Distilling Company against the Union Pharmaceutical Company on a bill of exchange. An attachment was obtained by plaintiff on the ground that defendant was about to remove its property from the state with the intention of defrauding its creditors. George P. Rowell, Charles N. Kent, and Oscar G. Moses moved to vacate this attachment, on the ground of the insufficiency of the affidavit on which it was issued, and from an order vacating such attachment upon payment of the sheriff's fees applicants appeal.

Argued before SEDGWICK, C. J., and TRUAX, J.

*Philip Carpenter,* for appellants Rowell *et al.* *F. W. Peabody,* for plaintiff.

SEDGWICK, C. J. After the attachment had been levied upon property of the defendant the applicants obtained judgment against the defendant, and execution was issued, and the sheriff levied it upon the property in his hands subject to the levy of the attachment. The applicants thereupon moved, (section 682, Code Civil Proc.,) as persons having a lien on the property, to vacate the attachment. It was vacated by an order that ordered that the order of attachment "be, and the same hereby is, vacated and set aside upon payment of the fees of the sheriff." The appellants take the position that they were entitled to an unconditional vacation of the attachment, the court having no power to impose the performance of the condition. It appears from general reasoning that the applicants were entitled to have their lien, free from the order of attachment, as of the time it was first issued, and before the sheriff had levied it, and his fees had accrued. It was vacated because of the insufficiency of the affidavit on which it had been granted. The counsel for appellants supposes that no provision of the Code gives the right to the sheriff to hold the property for his fees, when the attachment is vacated on the application of a person other than the defendant, and one who has acquired a lien upon the property; urging that section 709 is confined to an application by the defendant. I am inclined to think that this is not correct,

because it is made the duty of the sheriff "to deliver over to the defendant, or to the person entitled thereto," upon demand and upon payment of his fees, all attached property. This implies that the case of an application of such person is considered by the section. If this be so, then the first part of the section is to be read, "when a warrant of attachment is vacated or annulled upon the application of the defendant or any person," etc., or "an attachment is discharged upon the application of the defendant," etc.

But, as the counsel shows, the exaction of the section that a person's property shall not be delivered to him, until he pays fees for which he has no personal liability, is unconstitutional, and therefore is inoperative. *Bowe* v. *Reflector Co.*, 36 Hun, 407; *Weston* v. *Watts*, 45 Hun, 219. For like reason an order could not competently provide for such an exaction. I apprehend the true course of practice is that under section 682 a person making a sufficient application is entitled to an order vacating the attachment. This order does not directly operate as a mandate to the sheriff that he shall deliver the goods. If there were nothing more, the sheriff would be bound to deliver the goods because the defendant or the third person would have a right to them, as soon as the attachment was vacated, upon reasonable demand. Such a demand would be necessary if section 709 did not provide for it. Section 709 is not unconstitutional in this respect, or in respect of its making it the duty of the sheriff to deliver the goods or the proceeds; and under that section the performance of the duty may be compelled by order, if before that section there was no such remedy, or if there were. Upon demand for the property, the sheriff may claim fees, etc. Then his right is, for the first, to be determined. The relevancy of these remarks is perceived when the fact is noticed that in this case the applicants had no right to a delivery by the sheriff of the property to them. Their interest was that of a lien by execution. The attachment being out of the way, the sheriff was to keep the property in his hands until he should sell it in obedience to the execution. This would follow from the attachment being vacated. What he shall do with the proceeds is a question of the future. The appellants were entitled to a simple vacating of the attachment and to the benefit of the legal consequences. I understand the sheriff has not been notified of the motion to vacate the attachment. No decision can be made as to his rights. The plaintiff, which is respondent, did not oppose the motion to vacate or the reversal of the order. Still it should pay the costs of the motion to vacate, which was made necessary by its procuring the attachment. On the appeal, owing to peculiar circumstances, the costs should not be against it. The order appealed from is reversed, and the motion to vacate granted, with $10 costs of motion, and the disbursements of the appeal, which are to be taxed.

TRUAX, J., concurs.